

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 9, 1977

Honorable Harvey Davis
Texas State Soil & Water
   Conservation Board
Temple, Texas 76501

Opinion No. H-1013

Re: Deposit of Soil and
Water Conservation District
funds in interest-bearing
accounts.

Dear Mr. Davis:

You have requested our opinion regarding whether a soil
and water conservation district may deposit its funds in
interest-bearing time accounts or purchase certificates of
deposit at banks and savings and loan associations.

Section 2 of article 165a-10, V.T.C.S., which deals with
the "deposit and withdrawal of funds" of soil and water con-
servation districts, provides:

> The Soil and Conservation Funds . . .
> appropriated to Conservation Districts
> shall be deposited in State or National
> Banks and shall be withdrawn upon ap-
> proval of the Board of Supervisors of
> a District by checks or orders signed
> by the Chairman and Secretary of the
> Board of Supervisors of the District.

Although soil and water conservation districts are not sub-
ject to most of the general statutes governing depositories,
V.T.C.S. arts. 2525-2569, those statutes do provide a basis
for defining "deposit" as used in article 165a-10, § 2. They
clearly employ the word "deposit" to mean both time and demand
deposits, e.g., arts. 2525, 2546. In Shaw v. McBride, 9 S.W.2d
410 (Tex. Civ. App. -- Texarkana 1928), aff'd, 27 S.W.2d 121
(Tex. Comm'n App. 1930, jdgmt adopted), the court, construing
provisions regulating the banking industry, stated that the
meaning of "depositors" in then-articles 475 and 475a, was as
broad as "deposit" in then-article 523, defined therein to in-
clude both demand and time deposits. Shaw v. McBride, supra
at 411.

Furthermore, the courts of numerous other jurisdictions have held that the meaning of "deposit" or "depositor" embraces both time and demand deposits. Lummus Cotton Gin Co. v. Walker, 70 So. 754, 756 (Ala. 1916); Isenhart v. Monty, 423 P.2d 836, 837-38 (Colo. 1967); Bassett v. West Haven Bank & Trust Co., 165 A. 895, 897 (Conn. 1933); Bennett v. American Bank & Trust Co., 134 S.E. 781, 786 (Ga. 1926); McCormick v. Hopkins, 122 N.E. 151, 154 (Ill. 1919); State ex rel. Carroll v. Corning State Savings Bank, 113 N.W. 500, 502 (Iowa 1907); State ex rel. Davis v. Kilgore State Bank, 201 N.W. 901, 904 (Neb. 1924); Jones v. O'Brien, 235 N.W. 654, 659 (S. Dak. 1931). On the basis of these authorities, it is our opinion that the command of section 2 of article 165a-10, that funds of soil and water conservation districts be "deposited" in state or national banks, would permit the deposit of such funds in interest-bearing time accounts.

A "certificate of deposit," however, ordinarily signifies a deposit payable at some future date. In effect, it represents the issuing bank's promissory note to the depositor. Thompson v. Thompson, 236 S.W.2d 779 (Tex. 1951). A certificate of deposit is denominated an "investment" by article 6252-5a, V.T.C.S. See First National Bank in Grand Prairie v. Lone Star Life Insurance Co., 524 S.W.2d 525 (Tex. Civ. App. -- Dallas), writ ref'd n.r.e., 529 S.W.2d 67 (Tex. 1975). We believe, therefore, that article 165a-10 does not authorize soil and water conservation districts to purchase certificates of deposit.

Neither article 165a-10 nor any other statute, permits the deposit of district funds in savings and loan associations. In Attorney General Opinion H-723 (1975), we held that section 6.14 of article 852a, V.T.C.S., does not in itself affirmatively authorize any political subdivision to place its funds in a savings and loan association unless that political subdivision is authorized to do so by other law. Since we are aware of no other law with regard to soil and water conservation districts, it is our opinion that such a district is not at present authorized to deposit its funds in a savings and loan association.

## S U M M A R Y

A soil and water conservation district may deposit its funds in interest-bearing time accounts in a state or national bank, but it may not purchase certificates of deposit, nor may it deposit its funds in a savings and loan association.

Honorable Harvey Davis - page 3  (H-1013)

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

klw